```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARYCLAIRE MASETTA,

                        Plaintiff,            06-cv-6143

              v.                              **DECISION
                                              and ORDER**
THE TOWN OF IRONDEQUOIT, THE TOWN OF
IRONDEQUOIT POLICE DEPARTMENT,
Town of Irondequoit Police officers
JAMES REED and ALAN J. LAIRD, and Other
Known and Unknown Members of The Town of
Irondequoit Police Department

                        Defendants.
_____
```

**INTRODUCTION**

Plaintiff, MaryClaire Masetta ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments alleging that her constitutional rights were violated in connection with her arrest and the arrest of her husband, Steven Masetta[1], on December 11, 2004 by the Irondequoit Police Department. Plaintiff also alleges various common law claims in connection with the arrests. Specifically, Plaintiff alleges that Officers James Reed and Alan Laird unlawfully arrested her and Steven Masetta and employed an unreasonable amount of force in effectuating her arrest.

Plaintiff now moves for summary judgment pursuant to Rule 56

---

[1]Steven Masetta was also a plaintiff in this action, but his claims were dismissed by this Court for failure to prosecute. See Docket # 27.

1

of the Federal Rules of Civil Procedure ("Rule 56") on the following claims in the Complaint: (1) Excessive Use of Force in violation of the Fourth Amendment, (2) False Arrest in violation of the Fourth Amendment and (3) common law battery[2]. See Declaration of R. Brian Goewey at ¶7. Defendants oppose this motion and move for summary judgment on the false arrest claim. For the reasons set forth below, Plaintiff's motion for summary judgment is denied and Defendants' motion for summary judgment for the dismissal of the false arrest claim is granted.

## BACKGROUND

On December 11, 2004, Irondequoit Police Officers, Alan J. Laird and James Reed, responded to a report of a fight at the scene of a motor vehicle accident at the intersection of Durand Boulevard and Culver Road in the Town of Irondequoit. See Docket #49-3 at 18-19, #48-2 at 3. When they arrived on the scene, there was a large group of individuals present who appeared to be intoxicated. See Docket #49-4 at 22. Officer Reed described the scene as "chaotic" and said that he and other officers were unable to determine what had happened concerning the accident. Id. at 25. Raymond Walker, Chief of the Sea Breeze Volunteer Fire Department who was also

---

[2]This Court notes that Plaintiff's Complaint contains six causes of action and the Complaint has not been amended since Steven Masetta'a claims were dismissed. To the extent that Plaintiff's additional three claims for assault, intentional infliction of emotional distress, and municipal liability against the Town of Irondequoit and its police department for failure to train, are brought on behalf of herself, they remain.

2

dispatched to the scene, testified that he spoke to Officers Laird and Reed and told them that he attempted to stop a fight between Steven Masetta and the driver of another vehicle involved in the accident, but Steven Masetta grabbed and pushed him and said, "I'm going to kick your fucking ass." See Docket #49-3 at 20, 49-4 at 27, Plaintiff's Exhibit 4. Walker then asked Laird to arrest Mr. Masetta. Id. Officer Laird then approached Steven Masetta and placed him under arrest. See Docket # 49-3 at 22.

Initially, Mr. Masetta was compliant with the arrest, but as Officer Laird was attempting to restrain him he pulled away and a bystander, James Kendrot, also began to pull Mr. Masetta away from Officer Laird. Id. at 23; Docket #49-4 at 33. Officer Laird then turned Mr. Masetta away from Kendrot and attempted to stabilize and restrain him on the hood of a vehicle. Id. at 24, See Docket # 49-4 at 31-2. Mr. Masetta then pulled away from Officer Laird to stand upright. See Docket 49-3 at 28-9. While Laird was attempting to arrest Mr. Masetta, Officer Reed was assisting another responding officer with the arrest of James Kendrot. See Docket #49-4 at 40. At that point, Officer Laird testified that Plaintiff grabbed his left leg and started to pull him away from Mr. Masetta. Id. Officer Laird then asked Officer Reed to take control of Mr. Masetta and Officer Reed handcuffed Mr. Massetta. Id. at 29, Docket #49-4 at 40. Officer Laird then turned towards Plaintiff to attempt to place her into custody. Id. Officer Laird testified

3

that Plaintiff was on the ground and rolling from her back to her stomach while he was attempting to handcuff her, but he did not know how they got on the ground and he did not believe that he pulled her to the ground. Id. at 40-41, Docket #49-3 at 42-43. Plaintiff claims that Officer Laird grabbed her by the hair, threw her on the pavement, stepped on her, and rolled her over to handcuff her. See Docket 48-5 ¶12. In a Subject Management Resistance Report, Officer Laird reported that he used joint manipulation to restrain Plaintiff. See Plaintiff's Exhibit 5.

Plaintiff was charged with two counts of resisting arrest, based on her resistance of Steven Masetta's and her arrest, one count of harassment in the second degree and one count of disorderly conduct. See Defendant's Exhibit E. Steven Masetta was charged with three counts of disorderly conduct, four counts of resisting arrest, two counts of harassment and one count of obstructing emergency medical services. Defendant's Exhibit D, Plaintiff's Exhibit 12. Both Plaintiff and Steven Masetta plead guilty to disorderly conduct[3]. See Defendant's Exhibit H and I.

---

[3] Plaintiff argues that this Court should not consider the guilty pleas of Plaintiff and her husband, as they are inadmissible hearsay. This Court disagrees. Under New York Law, "a prior plea of guilt represents an admission, it is not obnoxious to the hearsay rule." Ando v. Woodbury, 8 N.Y.2d 165, 167 (1960). Likewise, federal courts generally take judicial notice of proceedings in other courts, particularly where a guilty plea is offered to prove the existence of the judgment, not Plaintiff's guilt or innocence of the underlying charge. See Olsen v. Correiro, 189 F.3d 52 (1st Cir. 1999) (citing Nipper v. Snipes, 7 F.3d 415 (4th Cir. 1993)).

**DISCUSSION**

Summary judgment is appropriate pursuant to Rule 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 500 U.S. 372, 380-81 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Id. at 1776.

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation," Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir.1998), and must affirmatively "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant

5

of summary judgment is proper." Gallo v. Prudential Residential Servs., Ltd. P'ship., 22 F.3d 1219, 1224 (2d Cir.1994) (citing Dister v. Cont'l Group, Inc., 859 F.2d 1108, 1114 (2d Cir.1998)).

## A. **False Arrest**

Plaintiff claims that Steven Masetta's arrest violated the Fourth Amendment because the crime for which he was arrested was not committed in the officers' presence and the arresting officers did not obtain an arrest warrant pursuant to New York Criminal Procedure Law ("CPL") §140.10(1). See Plaintiff's Memorandum of Law at 1 (hereinafter Plaintiff's Mem.). CPL § 140.10 states that an arrest for a violation is not authorised unless the violation was committed in the officer's presence or the officer obtains an arrest warrant. Plaintiff further argues that her arrest for resisting the arrest of herself and her husband violated the Fourth Amendment because, under New York Law, a person can only be arrested for resisting arrest if the underlying arrest was authorised. Plaintiff's Mem. at 1. While Steven Masetta was later charged with a misdemeanor (obstructing emergency medical services), Plaintiff claims that his arrest on December 11, 2004 was for harassment in the second degree, a violation, and the alleged harassment occurred prior to the officers' arrival on the scene. Plaintiff's Mem. at 3. Further, Plaintiff contends that Officers Laird and Reed did not have an independent reason to lawfully arrest her for resisting her own arrest. Defendants contend that Plaintiff's arrest was not a

6

violation of the Fourth Amendment because there was probable cause to arrest both Steven Masetta and Plaintiff, and therefore, her claims for false arrest must be dismissed. This Court agrees.

"A §1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2nd Cir. 1996) (citations omitted); <u>Mandina v. City of Yonkers</u>, 1998 WL 637471, *3 (S.D.N.Y., Sept. 16, 1998). Under New York Law, a claim of false arrest requires that a plaintiff show that the defendant intended to confine her, she was conscious of and did not consent to the confinement, and that the confinement was not otherwise privileged. <u>See</u> <u>Bernard v. U.S.</u>, 25 F.3d 98, 102 (2d Cir. 1994). Confinement is privileged if the arresting officer has probable cause to arrest. Probable cause is therefore a complete defense to a cause of action for false arrest. <u>See</u> <u>Bernard</u>, 25 F.3d at 102 (citing <u>Zanghi v. Incorporated Village of Old Brookville</u>, 752 F.2d 42 (2d Cir. 1985)).

Plaintiff cites <u>Rayson v. Port Authority of New York and New Jersey, et al.</u>, 768 F.2d 34 (2d Cir. 1985) for the proposition that this analysis is not applicable and that Defendants must prove that the arrest was authorized under NYCPL §140.10. <u>See</u> Docket #54. However, it is well settled in this Circuit that the existence of probable cause defeats an action for false arrest. <u>See</u> <u>Weyent</u> 101

7

F.3d at 852 (citing Bernard 25 F.3d at 102)("The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under § 1983. See, e.g., Broughton v. State, 37 N.Y.2d at 458,(under New York law, '[j]ustification may be established by showing that the arrest was based on probable cause')"). The court in Rayson did not hold differently, rather, that case highlights that the burden is on the defendant to prove the existence of probable cause. The court in Rayson states, "the plaintiff need not prove either malice or want of probable cause." 768 F.2d at 80. However, this does not mean that the existence of probable is not a defense. Read in the context of the rest of the case, this statement means that the burden is on the defendant, not the plaintiff, to prove the defense.

"Probable cause exists where officers 'have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person arrested has committed or is committing a crime.'" Mandina, 1998 WL 637471 at *3 (quoting Weyant, 101 F.3d at 852); See also U.S. v. Fox, 788 F.2d 905, 907 (2d Cir. 1986). This is an objective standard, and where there are no material issues of fact in dispute, the issue of probable cause may properly be disposed of on motion for summary judgment. Parkin v. Cornell University, 78 N.Y.2d 523, 529 (1991); See also, Spinelli v. City

of New York, 579 F.3d 160, 167 (2d Cir. 2009) ("The baseline test for all Fourth Amendment Claims is one of objective reasonableness.")(internal citations and quotations omitted)."[T]he subjective motivations of the individual officers...ha[ve] no bearing on whether a particular seizure is 'unreasonable' under the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 397 (1989). "Officers have probable cause to arrest if they receive 'information from some person-normally the putative victim or eyewitness-who seems reasonable to believe is telling the truth.'" See Thomas v. Culberg, 741 F.Supp. 77, 80 (S.D.N.Y. 1990)(quoting Daniels v. U.S., 393 F.2d 359, 361 (D.C. Cir. 1968). This Court finds that Officers Laird and Reed had probable cause at the time of the arrests to believe that Plaintiff and Steven Massetta had committed a crime.

Pursuant to New York Penal Law § 240.20, "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: 1. He engages in fighting or in threatening, violent, or tumultuous behavior..." " A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: 1. He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same..." N.Y. Penal law § 240.26. In this case, Officers Laird and Reed arrived at the scene of a car accident to find a rowdy group of individuals, including Plaintiff and Steven Masetta.

After talking to an individual from the local fire department, they learned that there was a fight and that Steven Masetta had threatened an emergency responder following an altercation. As Officer Laird attempted to arrest Steven Masetta, Plaintiff grabbed his leg and attempted to pull him away. At this point, Officer Reed took control of Steven Masetta and Officer Laird began to arrest Plaintiff. Plaintiff and Steven Masetta were arrested and charged with disorderly conduct, harassment and resisting arrest, and Steven Masetta was also later charged with obstructing emergency medical services. Probable cause existed on the basis of the information received from Raymond Walker and the officers' own observations at the scene, as these facts would permit a reasonable person to believe that Plaintiff and Steven Masetta had committed the crimes of harassment in the second degree and disorderly conduct, to which they later plead guilty.

Further, this Court has held that a guilty plea on an underlying charge establishes probable cause as a matter of law. See Geronimo-Dominguez v. Village of Albion, 2009 WL 3128311 (W.D.N.Y. September 29, 2009)(citing Cameron v. Fogarty, 806 F.2d 380 (2d Cir. 1896), Feurtado v. Gillespie, 2005 WL 3088327, at *6 (E.D.N.Y. November 17, 2005)(guilty plea to superseding indictment barred section 1983 claim) (citations omitted); Sealey v. Fishkin, 1998 WL 1021470, at *4 (E.D.N.Y. December 2, 1998) (conviction on any charge precludes false arrest claim) (citations omitted); Butron v. County

of Queens Police Dep't, 110 Precinct, 1996 WL 738525, at *2 (E.D.N.Y. December 23, 1996) (plea to charge in satisfaction of all other charges precludes false arrest claim) (citations omitted). This Court finds that probable cause existed as a matter of law, as Plaintiff and Steven Masetta pleaded guilty to the underlying charge of disorderly conduct. Plaintiff contends that because she was arrested for resisting arrest, this analysis should not apply because disorderly conduct is not a lesser included offense of resisting arrest. See Plaintiff's Reply at 7. However, the case law does not require that the offense to which a guilty plea is entered is a lesser included offense. See Sealey v. Fishkin 1998 WL 1021470, at *4 ("A plaintiff suing for false arrest must show that the police lacked probable cause to arrest him for any unlawful conduct. By pleading guilty to disorderly conduct, plaintiff necessarily acknowledged that he was engaged in some unlawful activity for which the police could properly take him into custody.")(citing Roundtree v. City of New York, 778 F.Supp. 614, 619 (E.D.N.Y.1991) and Keyes v. City of Albany, 594 F.Supp. 1147 (N.D.N.Y. 1984) (holding that plaintiff who was arrested for assault but who pleaded guilty to disorderly conduct could not pursue §1983 action for arrest without probable cause)). Therefore, Plaintiff's claim for false arrest in violation of the Fourth Amendment is dismissed with prejudice, as probable cause existed to arrest Plaintiff and Steven Masetta.

## B. **Excessive Force and Battery**

The standard for a Fourth Amendment claim for excessive force is whether the force used is objectively reasonable under the circumstances. See Landy v. Irizarry, 884 F.Supp. 788, 797 (S.D.N.Y. 1995)(stating that excessive use of force claims are properly analyzed under the Fourth Amendment's objective reasonableness standard)(quoting Graham v. Connor, 490 U.S. 386, 388 (1989)). As stated in Landy, however, "the determination of whether a particular use of force was objectively reasonable requires 'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Landy, 884 F.Supp. at 797 (citing Graham, 490 U.S. at 396). Generally, such a determination is a fact intensive inquiry, and is best left for a jury to decide. Calamia v. City of New York, 879 F.2d 1025, 1035 (2d Cir. 1989); Landy, 884 F.Supp. at 797; Messina v. Mazzeo, 854 F.Supp. 116, 133-34 (E.D.N.Y. 1994). A claim for battery by a police officer following a lawful arrest is also measured by the objectively reasonable standard. See Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996) (citing Finnegan v. Fountain, 915 F.2d 817, 821 (2d Cir. 1990).

In this case, the actual amount of force used by Officer Laird to arrest the Plaintiff is in dispute. Plaintiff claims that Officer

12

Laird grabbed her hair and threw her to the ground. She also states that he stepped on her and rolled her over to handcuff her. Officer Laird testified that he did not know how they got on the ground, but he did not believe that he had taken her or forced her to the ground. See Docket #49-3 at 39, 42-43. He later wrote in the Subject Management Resistance report that he used joint manipulation to restrain Plaintiff. It is also not clear whether other officers, including Officer Reed, observed Plaintiff's arrest to clarify the amount of force used to arrest Plaintiff. Defendants have not addressed this issue in their response. This Court does not find that Plaintiff has presented facts sufficient to find that there is no genuine issue of material fact with respect to Plaintiff's claims of excessive use of force and battery, as the amount of force actually used by Officer Laird and the reasonableness of such force are in dispute. Accordingly, Plaintiff's motion for summary judgment on her claims for battery and excessive use of force is denied.

## **Conclusion**

For the reasons set forth above, summary judgment is granted in favor of the Defendants with respect to plaintiff's Fourth Amendment claim for false arrest and Plaintiff's motion for summary judgment is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca
_____
    MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
            November 29, 2010