UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARYCLAIRE MASETTA,

                Plaintiff,

       v.

THE TOWN OF IRONDEQUOIT, et al.,

                Defendants.
_____

DECISION & ORDER

06-CV-6143T

        This Court previously issued a decision awarding attorney's fees and costs to plaintiff under Rule 37 of the Federal Rules of Civil Procedure in connection with plaintiff's motion to compel discovery.  (Docket # 39).  That decision, familiarity with which is assumed, directed plaintiff's counsel to submit an affidavit detailing his fees and costs and allowed defendants to respond to plaintiff's request.  (*Id.*).  Plaintiff's counsel has submitted an affidavit, accompanied by a summary of his billing records, requesting fees in the amount of $4,900, which represents 24.5 hours of work at a billing rate of $200 per hour.  (Docket # 40).  Defendants have opposed that request as excessive.  (Docket # 41).  For the reasons discussed below, plaintiff is hereby awarded attorney's fees and costs in the amount of $3,920.

## DISCUSSION

        Under Rule 37 of the Federal Rules of Civil Procedure, the prevailing party on a motion to compel may recover "reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  An award of reasonable attorney's fees is typically

calculated using the lodestar methodology, which requires the court to determine counsel's reasonable hourly rate and multiply it by the reasonable number of hours expended by counsel; that figure may then be adjusted in the district court's discretion.  *See*, *e.g.*, *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672 (2010) ("the lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (internal quotation omitted); *Grievson v. Rochester Psychiatric Ctr.*, 746 F. Supp. 2d 454, 460-61 (W.D.N.Y. 2010); *Jack v. Golden First Mortg. Corp.*, 2008 WL 2746314, *2 (E.D.N.Y. 2008); *Moreno v. Empire City Subway Co.*, 2008 WL 793605, *2 (S.D.N.Y. 2008).  *See also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (lodestar figure is the "presumptively reasonable fee").

In this case, plaintiff's counsel has requested an award of $4,900, based on 24.5 hours of work at an hourly rate of $200.  The work for which he seeks reimbursement was undertaken during a seven-month period in 2009 and includes communications between plaintiff's counsel and defendants' counsel in an effort to obtain the requested discovery without court involvement, drafting and filing plaintiff's motion to compel and preparing the subsequent declaration detailing the hours expended in these endeavors.

Defendants' counsel has not objected to the requested hourly rate.  (Docket # 41). Based upon my familiarity with prevailing hourly rates in this district, I find that counsel's requested rate of $200 per hour is reasonable for an attorney of Mr. Goewey's experience.  *See Grievson v. Rochester Psychiatric Ctr.*, 746 F. Supp. 2d at 463-65 (compiling caselaw setting rates between $175 and $250 per hour depending upon attorney's level of experience).

Defendants have objected, however, to the number of hours for which reimbursement is sought. Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the award as unreasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "In calculating the number of reasonable hours, the court looks to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clark v. Franke*, 960 F.2d 1146, 1153 (2d. Cir. 1992) (internal quotation omitted). One way to accomplish that reduction is to evaluate the reasonableness of each individual time entry and to make reductions and exclusions as necessary. *See*, *e.g.*, *Pasternak v. Baines*, 2008 WL 2019812, *7 (W.D.N.Y. 2008); *Rich Prods. Corp. v. Impress Indus.*, 2008 WL 203020, *3 (W.D.N.Y. 2008). Another "practical means of trimming the fat" is to apply a reasonable percentage reduction to the total number of hours requested. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation omitted). *See*, *e.g.*, *Simmonds v. New York City Dep't of Corr.*, 2008 WL 4303474, *8 (S.D.N.Y. 2008) (applying 40% reduction); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (applying 15% reduction); *Moreno v. Empire City Subway Co.*, 2008 WL 793605, *6 (S.D.N.Y. 2008) (applying 15% reduction); *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F. Supp. 2d 159, 167 (W.D.N.Y. 2005) (applying 20% reduction); *Elliott v. Bd. of Educ. of Rochester City Sch. Dist.*, 295 F. Supp. 2d 282, 286 (W.D.N.Y. 2003) (applying 10% reduction); *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 21976400, *5 (S.D.N.Y. 2003) (applying 20% reduction); *Sabatini v. Corning-Painted Post Area Sch. Dist.*, 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001) (applying 15% reduction).

Plaintiff's counsel has submitted a declaration affirming that he spent 24.5 hours in connection with this motion. Further, he has submitted copies of contemporaneous billing records detailing the manner of his work that is encompassed in that figure. I have carefully reviewed counsel's submission and time records and find, based upon that review and my familiarity with this matter, that some of the time logged appears excessive. For example, a review of the billing records reveals that counsel has charged 1.5 hours for drafting a two-paragraph letter and 1.8 hours for another short letter. (Docket # 40-2). In addition, the charge for 6.9 hours seems excessive for a motion to compel that "was not unusual or complex." *Rich Prods. Corp. v. Impress Indus.*, 2008 WL 203020 at *3 (reducing claim for 7.6 hours for simple motion to compel to 3 hours) (citing *Sheehy v. Wehlage*, 2007 WL 148750 (W.D.N.Y. 2007)). *See also Jack v. Golden First Mortg. Corp.*, 2008 WL 2746314 at *2 (finding 3.75 hours reasonable for drafting motion to compel). In my discretion, I determine that the number of hours for which reimbursement is sought should be reduced by twenty percent to arrive at a reasonable number of hours. Applying that twenty-percent reduction results in a total fee of $3,920 (19.6 hours x $200).

## **CONCLUSION**

For the reasons discussed above, defendants' counsel is hereby ordered to pay plaintiff's counsel the sum of $3,920 in attorney's fees by no later than thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
         April   22  , 2011